UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

AMANDA M. OLIVEIRA, as )
Administrator of the Estate of )
MARY FRANCES CROCKER, )
)
    Plaintiff, )
)
v. ) CV424-100
)
RHONDA LAWSON, *et al.*, )
)
    Defendants. )

## ORDER

Plaintiff has moved, pursuant to Federal Rules of Civil Procedure 26 and 37, for the imposition of sanctions against Defendants Catrice Windley and Rhonda Lawson for "knowingly presenting and using a materially false and misleading document in this litigation." Doc. 65 at 1. Defendants Windley and Lawson have responded. Doc. 73. Despite filing a Notice of Intent to File a Reply Brief, doc. 75, Plaintiff has not filed a reply, *see generally* docket, and the time for doing so has passed, *see* S.D. Ga. L. Civ. R. 7.6. The Motion has been referred to the undersigned and is ripe for review.

Plaintiff's Motion identifies an "Intake Report" which was filled out on March 16, 2017, when "the Georgia Division of Family and Children

1

Services received a report alleging the physical abuse of Elwyn Crocker Jr." Doc. 65 at 2; *see also* doc. 65-1 ("Intake Report"). According to Plaintiff's Motion, Defendant Lawson was the Intake Case Manager for the report and recommended it for a "screen-out." Doc. 65 at 2. Plaintiff points to Georgia Division of Family and Children Services' policies that require multiple levels of approval for a "screen-out" and require child abuse reports be reported to local law enforcement. *Id.* at 3. Plaintiff argues neither policy was followed in this case, however, according to Plaintiff, the Intake Form was filled out so that "on its face, [it] appears to be in compliance with DFCS policies and procedures." *Id.* at 3-4. Therefore, Plaintiff contends "[t]he Intake Report produced in this action is plainly false," *id.* at 3, and seeks sanctions as a result, *id.* at 7-8.

Plaintiff relies on Federal Rules of Civil Procedure 26(g) and 37(c) to support the request for sanctions. *See* doc. 65 at 4-7. Rule 26(g) requires that discovery disclosures and responses be signed by at least one attorney of record, and by signing the attorney certifies that the disclosure or response meets the requirements of the discovery rules. *See, e.g.*, Fed. R. Civ. P. 26(g)(1); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1372 (11th Cir. 1997). "If a certification violates [Rule 26(g)]

2

without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both." Fed. R. Civ. P. 26(g)(3). Although Plaintiff invokes Rule 26(g), Plaintiff does not point to any certification made by any attorney that was done in violation of the discovery rules. *See generally* doc. 65. In fact, although Plaintiff suggests the Intake Form at issue was "disclosed by Defendants during discovery," *id.* at 5, Plaintiff does not identify when or how it was produced, and does not point to any formal discovery response signed by counsel that accompanied the document production. Therefore, Plaintiff has not identified any violation of Rule 26(g).

More fundamentally, though, Plaintiff's characterization of the Intake Report as "fraudulent," in the context of Rules 26 and 37, is incorrect. Rule 37(c) allows for the imposition of sanctions where parties fail to make disclosures under Rule 26(a) or fail to admit what is requested under Rule 36. *See* Fed. R. Civ. P. 37(c). While Plaintiff argues that the Intake Report was incorrectly completed, or that applicable policies were not followed on March 16, 2017, when the report of child abuse was made, the Intake Report that was generated at that time has

3

been produced. *See* doc. 65-1. Plaintiff's Motion reveals that Plaintiff's counsel was able to question various parties about the creation of the Intake Report during their depositions. *See* doc. 65 at 2-3; *see also* doc. 65-2 (Lawson Deposition); doc. 65-3 (White Deposition); doc. 65-5 (Georgia DFCS Rule 30(b)(6) Deposition). There is nothing to suggest that the document has been altered in any way, or that any party has failed to disclose any information about the Intake Report. *See generally* doc. 65. Therefore, Plaintiff has not demonstrated a violation that justifies the imposition of sanctions under the discovery rules.

Whether Defendants Lawson and Windley "failed to adhere to [their] duties in relation to [the] March 16, 2017 report regarding the abuse of Elwyn Crocker, Jr.," is an issue in Plaintiff's Motion for Partial Summary Judgment against Defendants Windley and Lawson, pending before Chief Judge Baker. Doc. 64 at 4. The undersigned makes no finding as to whether the Intake Report is evidence of any wrongdoing on the part of any Defendant, as that is a matter reserved for the District Judge on summary judgment or the jury at trial. This Order only addresses the narrow issue of whether any discovery sanction is appropriate for the production, by some party, of a document that

appears to be an accurate copy of a record maintained by the Georgia Division of Family and Children Services. For the reasons explained above, Plaintiff has not borne her burden on that narrow issue, and therefore Plaintiff's Motion for Sanctions is **DENIED**. Doc. 65.

**SO ORDERED**, this 28th day of October, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA